[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15753
Non-Argument Calendar

_____

Agency No. A206-651-322

ILMI ISUFI,

Petitioner,

versus

U.S. ATTORNEY GENERAL

Respondent.

_____

Petition for Review of an Order
of the Board of Immigration Appeals

_____

(July 14, 2015)

Before MARTIN, ANDERSON, and COX, Circuit Judges.

PER CURIAM:

Ilmi Isufi ("Isufi") petitions this court to vacate and remand a final order of

the Board of Immigration Appeals ("Board") denying Isufi's applications for

asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). We deny the petition.

## I.  Course of Proceedings Below

Isufi is an Albanian citizen who resettled in Greece in 1991. He moved his family there for economic reasons. His wife and two daughters still live in Greece. During his years in Greece, he has returned to Albania for a brief stay once every eighteen months to two years.

Isufi arrived in the United States with a fake passport in early April 2014. He was referred immediately to an Immigration Judge for "Asylum Only" proceedings. Isufi sought asylum under 8 U.S.C. § 1158 and withholding of removal under 8 U.S.C. § 1231(b)(3). He also sought CAT protection.

Despite inconsistent testimony and documents, the Immigration Judge found that Isufi testified "consistently and credibly." (AR 69-70). The Immigration Judge concluded that Isufi had proven only that he was the victim of a family dispute. (*Id.* 70). The Immigration Judge also concluded that Isufi had resettled in Greece over twenty years earlier, or that, at least, he had a safe haven there. (*Id.* 71). And, despite Isufi's testimony that ethnic Albanians suffered prejudice in Greece, the Immigration Judge concluded that Isufi was not seeking asylum from Greece. The Immigration Judge further found that Isufi could relocate within Albania and avoid the actual or feared harm upon which he based

2

his refugee status.   (*Id.* 72).   As to the application for CAT protection, the Immigration Judge reasoned that no evidence supported Isufi's claim. (*Id.*).

The Immigration Judge denied Isufi's petition.   Isufi appealed to the Board, which reviews an Immigration Judge's findings of fact for clear error, but reviews all other matters de novo.   8 C.F.R. § 1003.1(d)(3)(i–ii).   The Board, without expressly adopting the Immigration Judge's opinion, agreed with it in all respects and dismissed Isufi's appeal. (AR 4-6).   In particular, and citing *Mazariegos v. United States Attorney General*, 241 F.3d 1320, 1327 (11th Cir. 2001), the Board agreed that Isufi could avoid future harm by relocating within Albania, which negated any need for asylum. (AR 5).

## II.  Standard of Review

Where, as here, the Board relied upon the Immigration Judge's decision and reasoning without expressly adopting it, we review the Immigration Judge's opinion and any portion of the Board's opinion on matters that the Immigration Judge did not cover.  *Seck v. United States Att'y Gen.*, 663 F.3d 1356, 1364 (11th Cir. 2011).   We will not disturb the agency's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole," and we will reverse the agency "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to

justify a reversal of the administrative findings." *Tan v. United States Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006) (citation omitted).

### III.  Discussion

The Secretary of Homeland Security or the Attorney General may grant asylum to an alien satisfying the definition of "refugee" under 8 U.S.C. § 1101(a)(42)(A).  For our purposes, the determinative factor as to whether Isufi is a refugee as to whom asylum and withholding of removal may be granted is whether he will suffer political persecution if he is returned to Albania.  *Id.*; 8 U.S.C. § 1158(b)(1)(B).  But, the Attorney General is prohibited from granting asylum to an alien who "was firmly resettled in another country prior to arriving in the United States."  *Id.*, § 1158(b)(2)(vi).

On this appeal, Isufi presents three basic contentions.  First, he contends that the Board failed to address evidence demonstrating that Isufi and his family were targeted due to his political opinions.  But, Isufi has not directed our attention to evidence that compels reversal.  Isufi admitted that, for economic reasons, he resettled in Greece years ago.  And, substantial evidence supports the Immigration Judge's conclusion that Isufi's threat of future harm in Albania emanates from a family dispute in one city in Albania—not from political persecution.  Isufi also has not challenged the Immigration Judge's conclusion or the Board's conclusion that he could avoid any harm he fears by relocating within Albania.  He has,

4

therefore, waived any challenge to these conclusions. *Ruiz v. United States Att'y Gen.*, 440 F.3d 1247, 1256 n.6 (11th Cir. 2006); *see Mazariegos*, 241 F.3d at 1324–25 n.2 (a withholding of removal claim cannot survive if asylum is denied).

Isufi's second and third contentions involve Greece. He contends that the Board failed to adequately address evidence demonstrating that he was not safe in Greece and, therefore, could not resettle there and find "safe haven" in Greece. These two contentions are meritless. To qualify for withholding of removal, the applicant must show that if returned to his home country, his "life or freedom would be threatened in the country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). The petitioner must demonstrate that it is more likely than not that he will be persecuted or tortured upon removal to his country. *Tan*, 446 F.3d at 1375. Isufi proffered no evidence to support a finding that he had been tortured by persons acting on behalf of the Albanian government, and no evidence that such torture is more likely than not to occur upon his return to Albania.

## IV. Conclusion

We have considered the record, and the opinions of both the Immigration Judge and the Board of Immigration Appeals. We find no errors of law, and the Immigration Judge's findings of fact, with which the Board of Immigration Appeals agreed, are supported by substantial evidence.

PETITION DENIED.